UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ASMAR SIDDIQ MUMIN ABDULLAH,

    Plaintiff,

v.

OAKS INTEGRATED CARE, JANICE
STEINBECK, and JUDITH
BRENNER,

    Defendants.

1:18-cv-13011-NLH-AMD

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

ASMAR SIDDIQ MUMIN ABDULLAH
450 STUYVESANT AVE.
TRENTON, NJ 08618

    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Asmar Siddiq Mumin Abdullah, appearing *pro se*, has filed a complaint against Defendants Oaks Integrated Care, Janice Steinbeck, and Judith Brenner; and

    WHEREAS, Plaintiff claims that Defendants improperly evicted him from his apartment, and as a result he suffered a nervous breakdown and is homeless; and

    WHEREAS, Plaintiff seeks $200 million in damages; and

    WHEREAS, Plaintiff has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP"

application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if she submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, <u>Hickson v. Mauro</u>, 2011 WL 6001088, *1 (D.N.J.2011) (citing <u>Lister v. Dept. of Treasury</u>, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, <u>see</u> 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); <u>Ball v. Famiglio</u>, 726 F.3d 448, 452 (3d Cir. 2013); <u>Martin v. U.S. Department of Homeland Security</u>, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, *pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant, <u>Estelle v. Gamble</u>, 429 U.S. 97, 107 (1976), but *pro se* litigants

"must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, the Court finds that Plaintiff's complaint is deficient in three significant ways:

1. On the form complaint provided by the Court for *pro se* plaintiffs, Plaintiff has checked the box for federal question jurisdiction, but in order to invoke federal question jurisdiction, Plaintiff must plead a violation of the U.S. Constitution or the laws of the United States. See U.S. Const, Art III, Section 2 (providing that federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States . . . ."); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Plaintiff has not pleaded what Constitutional provision or federal law Defendants allegedly violated; and

2. If Plaintiff's case is premised on diversity of

3

citizenship instead, Plaintiff has failed to plead the citizenship of the parties. See 28 U.S.C. § 1332 (providing that a district court has jurisdiction over a matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs); and

3. Plaintiff has failed to state a specific legal basis for his claims, which is necessary to establish subject matter jurisdiction, see Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction."); and

THEREFORE,

IT IS on this __22nd__ day of __August__, 2018

ORDERED that Plaintiff's IFP application (Docket No. 1-3) be, and the same hereby is, GRANTED, and the Clerk is directed to file Plaintiff's complaint; and it is further

ORDERED that Plaintiff shall have twenty (20) days to amend his complaint to properly cure the deficiencies noted above. If Plaintiff fails to do so, this case will be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

At Camden, New Jersey

          s/ Noel L. Hillman
          NOEL L. HILLMAN, U.S.D.J.